ANSWER TO CERTIFIED QUESTION

We accept Certified Question jurisdiction to answer the question posed by the Hopi Tribal Council: whether its allocation of FY 1998 H-13 funds through Resolution H-121-98 is within the Tribal Council’s Constitutional authority.

BACKGROUND

[1] On November 3, 1998, Tribal Council Resolution H-121-98 authorized the release of unexpended fiscal year 1998 H-13 funds, as well as all such future funds to the three villages composing First Mesa Consolidated Villages rather than to the First Mesa’s Kikmongwi.
[2] The question raised by this action is whether the Hopi Constitution allows the Tribal Council to allocate funds directly to the three historical villages comprising First Mesa Consolidated Villages.

DISCUSSION

I. Constitutionality of Hopi Resolution H-121-98
[3] The plain text of the Hopi Constitution allows for the Tribal Council to speak for the Tribe in all matters for the welfare of the Tribe, and to use the Tribal Council fund for the welfare of the Tribe. Taken together, Article VI, section 1(a) and section 1(f) indicate that the Tribal Council is the sole arbiter of determining what constitutes the welfare of the Tribe when it chooses how to allocates its funds. The language of the resolution itself demonstrates the tribe’s determination that the allocation is in the best interests of providing for First Mesa’s common good:
Be it finally resolved that the Tribal Council hereby supports and recommends that the Villages of Walpi, Shit-ehumovi and Tewa to begin a collaborative effort aimed at finalizing and implementing a financial plan to equally absorb First Mesa’s Financial commitments to common programs and projects that are geared towards providing common benefits to all the people of First Mesa.
[4] Furthermore, Resolution H-121-98 does not violate Article III or other provisions of the Hopi Constitution. The resolution does not seek to establish Walpi, Shitehumovi, and Tewa as distinct villages, each with Constitutionally granted powers, nor does it infringe on the Kikmongwi’s ability to exercise Article III, section 2 powers.
[5] It has been suggested that the Tribal Council’s granting money to non-recognized village leaders violates Article III of the Hopi Constitution, because it, in effect, creates non-Constitutionally recognized villages, prevents the Kikmongwi of First Mesa from exercising section 2 powers, or interferes in the organization of First Mesa Village. However, Resolution H-121-98 does not implicate any of these provisions of the Constitution. The granting of funds does not alter the organization of First Mesa’s governmental structure, nor does it prevent the people of First Mesa from organizing in any particular fashion. The Kikmongwi is not prevented from exercising any of the traditional duties of a village leader by the allocation of such funds. Finally, Resolution H-121-98 does not authorize the villages of Walpi, Sichomovi (Shitehumovi), and Tewa to exercise those Constitutional powers reserved to the recognized villages such as sending representatives to Tribal Council.

*245
CONCLUSION

[6] While the powers and duties reserved for the individual villages in the Hopi Constitution may only be properly exercised by the recognized villages and the recognized village leader, there is no limitation on the Tribal Council’s ability to determine the welfare of the Hopi Tribe, nor is there a limitation on the Tribal Council’s ability to allocate funds for the general welfare of the Hopi Tribe. Resolution H-121-98 indicates that it is the Tribal Council’s belief that the welfare of the Hopi Tribe is best served by allocation of H13 funds directly to the villages of Walpi, Sichomovi (Shitchumovi), and Tewa. Resolution H-121-98 is a discretionary budget allocation fully authorized by Article VI, section 1(f) of the Hopi Constitution. As such, it falls within the Constitutional powers of the Hopi Tribal Council.